**NATION FORD CHEM. CO., Plaintiff,**

v.

**UNITED STATES, Defendant,**

**Yude Chem. Co., Zhenxing Chem. Indus. Co. & Pht Int'l., Inc., Defendant–Intervenors.**

Slip Op. 97–172.

Court No. 96–11–02503.

United States Court of International Trade.

Dec. 12, 1997.

King & Spalding (Stephen A. Jones; Martin M. McNerney with him on the brief), Washington, DC, for plaintiff.

Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Reginald T. Blades, Jr.) and Linda S. Chang, International Office of Chief Counsel for Import Administration, of counsel, Washington, DC, for defendant.

Williams Mullen Christian & Dobbins (William E. Perry), Washington, DC, for defendant-intervenors.

## MEMORANDUM OPINION

DiCARLO, Senior Judge.

Plaintiff Nation Ford, the sole domestic producer of sulfanilic acid, challenges the final results of the antidumping administrative review found in *Sulfanilic Acid from the People's Republic of China,* 61 Fed.Reg. 53,-702 (1996) (final results & partial recission of admin. review), covering the period from August 1, 1994 to July 31, 1995. The court has jurisdiction under 28 U.S.C. § 1581(c) (1994).

For the reasons given below, Commerce's final results are sustained.

Nation Ford claims that Commerce incorrectly calculated the normal value of sulfanilic acid from the PRC by undervaluing the cost to Chinese producers of aniline, the primary raw material used in the production of sulfanilic acid. *See* 19 U.S.C. § 1677b(c) (1994) (outlining factors of production methodology used to construct normal value). Pursuant to § 1677b(c), Commerce used prices available in India to calculate normal value because the PRC is a nonmarket economy. Plaintiffs argue that Commerce should have used Indian domestic rather than Indian import prices to value aniline because 1) PRC manufacturers use domestically produced aniline, and 2) Indian import prices are subsidized, aberrational, and not market-based. In the alternative, they argue that if Commerce does use import statistics to value aniline, it should adjust the basic Indian import price to reflect: 1) an 85% import duty, and 2) an importer mark-up.

The facts and issues in this case are identical to those in *Nation Ford Chem. Co. v. United States,* 21 CIT ——, 985 F.Supp. 133 (1997), which examined Commerce's review of the same antidumping order for the period from August 1, 1993 to July 31, 1994. In that opinion, this court denied plaintiff's motion for judgment on the agency record, holding that Commerce's final results were supported by substantial evidence and in accordance with law. *Id.* The only distinction here is that pre–Uruguay Round law applied to the earlier review, while post–Uruguay Round law applies in this case. *Compare* 19 U.S.C. § 1677b(c) (1988) *with* 19 U.S.C. § 1677b(c) (1994).

The parties agreed at oral argument that the 1994 revisions to the antidumping law do not affect any of the issues in this case. The court will therefore adopt the reasoning set forth in its earlier opinion. As Commerce's decision to use Indian import prices as a surrogate value for aniline in the PRC is supported by substantial evidence and in accordance with law, plaintiff's motion for judgment upon the agency record is denied.

## JUDGMENT ORDER

Upon consideration of all papers and proceedings in this case, and after due deliberation, it is hereby

ORDERED that plaintiff's motion for judgment upon the agency record is denied, and it is further

ORDERED that the final results of the 1994–95 administrative review in *Sulfanilic Acid from the People's Republic of China,* 61 Fed.Reg. 53,702 (1996) are sustained.

SO ORDERED.